## SALT LAKE COUNTY, APPELLANT, v. MORGAN RICHARDS, RESPONDENT.

### JURY FEES IN CIVIL CASES.

The state is not required to pay mileage and attendance of jurors in civil cases. Section 166, p. 571, Sess. Laws 1896, so far as it provides for an itemized statement " for mileage and attendance of grand jurors, for mileage and attendance of petit jurors engaged in the trial of cases in the district courts, and for mileage and attendance of witnesses summoned by or on behalf of the state in criminal cases in the district court," must be governed in its interpretation by subdivision 5, § 94, p. 548, Sess. Laws 1896; subd. 7, § 118, p. 555, Id.; subd. 4, § 165, p. 571, Id.; and section 151, p. 567, Id.

( No. 748. Decided Oct. 9, 1896.)

Appeal from the Third district court, Salt Lake county. Hon. John A. Street, *Judge.*

Petition by Salt Lake county for *mandamus* to compel Morgan Richards, State Auditor, to issue warrants for the payment of mileage and attendance of jurors in civil cases. From a judgment denying the writ, petitioner appeals. *Affirmed.*

*C. D. Whittemore,* County Attorney, for appellant.

*A. C. Bishop,* Attorney General, for respondent.

No briefs were filed in this case.

ZANE, C. J.:

The plaintiff, Salt Lake county, presented·to the district court its petition against the defendant, duly verified, alleging that the clerk of that court and the county attorney had duly issued their certificates for mileage and attendance of grand and petit jurors; that such certificates amounted to $5,425.60. These certificates included the mileage and attendance of petit jurors between January 4 and June 5, 1896, in civil as well as criminal cases, without indicating how much was due in either. The petition also alleged that the county treasurer and county auditor had made their statements, under oath, for that amount, and that the State Auditor had refused to issue a warrant on the State Treasurer for the same. The petition contained a prayer for a writ of *mandamus* compelling him to issue such warrant. The defendant demurred to the petition, because it did not state how much was due for mileage and attendance of jurors in criminal cases and how much in civil cases. The court below sustained the demurrer, and dismissed the suit, the plaintiff having elected to stand on its petition,

From this judgment of dismissal the plaintiff has appealed to this court, and assigns the ruling of the court upon the demurrer as error. Is the state required to pay mileage and attendance of jurors in civil cases? is the question presented for our consideration and decision. The plaintiff relies upon section 166 of "An act to establish a uniform system of county government," approved April 14, 1896 (Sess. Laws 1896, p. 571), as follows: "At such times as the board of county commissioners may designate, it shall be the duty of the county treasurer and the county auditor of each county to prepare in duplicate and verify under oath a full and complete itemized statement of all certificates issued by the clerk of the district court and county attorney since the date of the last statement (or, in case no former statement has been made, then since January 4th, 1896), for mileage and attendance of grand jurors, for mileage and attendance of petit jurors engaged in the trial of cases in the district court, and for mileage and attendance of witnesses summoned by or on behalf of the state in criminal cases in the district court; also a statement for all warrants drawn for salaries of the county attorney, the county treasurer, the county assessor; such statement shall set forth in detail the number of certificate or warrant, the date of same, the name of the person or persons in whose favor issued, the nature of the service rendered, and such other information as may be necessary.

One of such statements shall be transmitted to the State Auditor, and the other shall be filed in the office of the county clerk. Upon the receipt of said statement by the State Auditor, he shall, unless he find the same to be incorrect, draw his warrant in favor of the county treasurer upon the State Treasurer for the whole amount of said juror and witness certificates, as shown by said statement, and for one-half of the whole amount of said

warrants shown in said statement, and shall transmit the same to the county treasurer. The county treasurer shall hold the funds so drawn from the state treasury upon the warrant aforesaid as a separate fund for the redemption of the juror and witness certificates and for the part payment of the warrants, set forth in the statement above described." This section makes it the duty of the county treasurer and the county auditor to prepare in duplicate an itemized statement of all certificates issued by the clerk of the district court and county attorney for mileage and attendance of grand jurors, for mileage and attendance of petit jurors, and for mileage and attendance of witnesses summoned by or on behalf of the state in criminal cases. The statement should embrace only such certificates as may have been issued by the clerk and county attorney. If the mileage and attendance of jurors in civil cases should not be embraced in those certificates, such mileage and attendance should not be included by the county treasurer and county auditor in their itemized statement. It is upon this statement the State Auditor draws his warrant upon the treasurer. Therefore it is necessary to ascertain the mileage and attendance of petit jurors required to be embraced in the certificate of the district clerk and county attorney. Subdivision 5 of section 94 of the above mentioned act is as follows: "As clerk of the district court he shall issue a certificate of the attendance and mileage of all jurors and of witnesses in criminal cases." A reasonable construction of this language limits the mileage and attendance of jurors and witnesses to criminal cases. It limits the certificate of the clerk to the mileage and attendance of jurors in criminal cases, as it does the mileage and attendance of witnesses. Subdivision 7 of section 118 of the same act, requiring the approval and signature

14 UTAH—10

of the county attorney, is to the same effect, to wit: "He shall examine and when approved by him, attach his approval and signature to the certificate of attendance and mileage of all jurors and of witnesses in criminal cases issued by the county clerk." This provision requires the county attorney to examine the certificates of the clerk of mileage and attendance of witnesses and jurors in criminal cases, and, if he finds it to be correct, to approve it, and attach his signature to it. These officers have no right to include in this certificate the mileage and attendance of jurors or witnesses in civil cases. Nor are the county treasurer and county auditor authorized to include in their statement required in section 166, above quoted, to be presented to the State Auditor, upon which he is required to draw his warrant on the State Treasurer, mileage and attendance of jurors or witnesses in civil cases. Section 165,—immediately preceding the one requiring the county treasurer and county auditor to make their statement upon which the State Auditor draws his warrant upon the State Treasurer,—declares that "the sums required by law to be paid to jurors in civil cases" shall be a county charge. Why require sums that are a county charge to be certified to the state for payment. Section 151 of the same act makes it the duty of either party to any civil cause pending in the district court desiring a jury trial to notify the clerk in writing thereof before the cause is set for trial, or such other time as the court shall direct, and at the time of such notice to deposit with the clerk the sum of five dollars, and the clerk is required to deposit the same in the county treasury. Why require this jury fee to be paid into the county treasury if the state is to pay the fee of the jurors? The minutes of the clerk should show the time jurors serve in the trial of civil causes, also the time

in criminal causes; and the mileage should be divided between the two classes of service proportionately to the time occupied by each respectively. The clerk should give the juror a statement of his attendance in the trial of civil cases, and of his mileage, that he may present it to the proper county officer or officers to be audited and paid. We cannot assume that the legislature would have made the sums required by law to be paid to jurors in civil cases a county charge, and would have required jury fees collected of litigants paid into the county treasury, if it had intended the state should pay such mileage and attendance. We hold that the county should pay jurors their mileage and attendance in civil cases, and that the state is not liable therefor, and that the court below did not err in sustaining defendant's demurrer to plaintiff's petition. The judgment of the court below is affirmed.

BARTCH and MINER, JJ., concur.